

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2002

# In Re: Kressler

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3248

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"In Re: Kressler " (2002). *2002 Decisions.* Paper 438.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/438

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-3248
_____

IN RE: WILLIAM DAVID KRESSLER and LORI ANN KRESSLER
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 00-cv-05286
District Judge:  The Honorable Herbert J. Hutton
_____

Submitted Under Third Circuit LAR 34.1(a)
July 25, 2002
_____

Before: SLOVITER, NYGAARD, and BARRY, Circuit Judges

(Opinion Filed: July 25, 2002)
_____

OPINION
_____


BARRY, Circuit Judge
     We are asked to review the District Court's order of August 9, 2001 affirming the
Bankruptcy Court's order of September 12, 2000.  Finding no error, we will affirm.

                              I.
     William and Lori Kressler ("Kresslers" or "Debtors") filed a Chapter 13
bankruptcy petition on June 17, 1999.  Litton Loan Servicing, Inc. ("Litton") then held a
second mortgage on the Kresslers' residence.  Litton missed the November 1, 1999
deadline for filing proof of its secured claim, filing one day late.  Debtors' objection to
Litton's filing on timeliness grounds was sustained by the Bankruptcy Court by letter
opinion on February 2, 2000 after Litton conceded that its proof of claim should be
disallowed because it was untimely filed.
     Debtors' Chapter 13 plan provided for Litton's mortgage to be "crammed down"
to zero and for its lien (the mortgage) to be canceled.  On November 18, 1999, Litton
filed an objection to the confirmation of the Debtors' plan.  After Debtors proposed a
subsequent, amended Chapter 13 plan, providing that "[h]olders of secured claims shall
retain the liens securing such claims and shall be paid as follows: $0   Cityscape Corp. or
Litton Loan Servicing their successors and assigns; second mortgage is totally unsecured,
cramdown; Cityscape Corp. to cancel its mortgage/lien or record," see A.2, Litton again
objected.
     Debtors and Litton briefed the issue of Litton's objection, and the Bankruptcy
Court sustained the objection.  Debtors appealed to the District Court; the District Court
affirmed.  The District Court had jurisdiction over the Debtors' appeal pursuant to 28
U.S.C.  158(a).  Our jurisdiction is pursuant to 28 U.S.C.  1291.
     Our standard of review is clear:  "We review the bankruptcy court's findings of
fact under a clearly erroneous standard, and its conclusions of law under a plenary
standard.  Because the district court sits as an appellate court in bankruptcy cases, our
review of its decision is plenary."  Cinicola v. Scharffenberger, 248 F.3d 110, 115 n.1
(3d Cir. 2001) (citations omitted).  As noted above, we will affirm.

## II.

Debtors argue that the Bankruptcy Court's February 2 letter opinion disallowing Litton's claim on timeliness grounds extinguished its lien as well. Thus, they argue, the lien was invalidated, Litton had no standing to object to the confirmation of Debtors' plan, and the objection should not have been sustained.

We disagree. The Bankruptcy Court and the District Court were correct in holding that a lien "passes through" a bankruptcy proceeding, even where a particular claim may be disallowed on, e.g., timeliness grounds. In determining the secured status of a claim, the bankruptcy statute specifically exempts from being voided a claim that does not obtain "allowed secured" status solely because a creditor did not file proof of the claim. See 11 U.S.C. 506(d)(2) (voiding lien that is not an allowed secured claim unless "such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim"). See also In re Lellock, 811 F.2d 186, 187-88 (3d Cir. 1987).

This language reflects the long-standing rule in bankruptcy that a lien is a property interest an in rem claim rather than an in personam claim. When a lien secures real property, "the creditor's lien stays with the real property until the foreclosure." Dewsnup v. Timm, 502 U.S. 410, 417 (1992). That is, a bankruptcy may extinguish personal obligations, but not in rem obligations. Johnson v. Home State Bank, 501 U.S. 78, 83-84 (1991). Thus, in Johnson, the Supreme Court had "no trouble" concluding that although a personal obligation (i.e., promissory notes) had been discharged, the underlying mortgage interest survived. Id. at 84. We have held similarly: "valid liens that have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt." Lellock, 811 F.2d at 189.

Other courts of appeals have been even more specific. The Seventh Circuit, in the context of a Chapter 11 bankruptcy petition, noted that a creditor's claim had been filed late (as here). In re Tarnow, 749 F.2d 464, 465-66 (7th Cir. 1984). It rejected the proposition, however, that "rejecting a claim, on whatever ground, automatically rejects the lien that secures it." Id. at 465. "If an ordinary plaintiff files a suit barred by the statute of limitations, the sanction is dismissal; it is not to take away his property. And a lien is property." Id. at 466. See also Cen-Pen Corp. v. Hanson, 58 F.3d 89, 92-93 (4th Cir. 1995). Applying this reasoning here, Litton's property interest its lien is not voided by the disallowing of its claim for filing late. Litton has a pecuniary interest that was not extinguished, and is thus a "party in interest" under 11 U.S.C. 1324 and may object.

This case law also supports the requirement noted by both the Bankruptcy and District Courts that Debtors take some "'affirmative step' such as filing an adversary complaint to avoid [Litton's] lien." Bankr. Ct. Op. at 6. Briefly,

> [f]or a debtor to extinguish or modify a lien during the bankruptcy process, some affirmative step must be taken toward that end. Unless the debtor takes appropriate affirmative action to avoid a security interest in property of the estate, that property will remain subject to the security interest following confirmation. The simple expedient of passing their residence through the bankruptcy estate could not vest in [plaintiffs] a greater interest in the residence than they enjoyed prior to filing their Chapter 13 petition.

Cen-Pen Corp., 58 F.3d at 92-93.

On appeal, Debtors rely heavily on In re Wolf, 162 B.R. 98 (D.N.J. 1993), which they read to suggest that such an affirmative step is not necessary. Aside from other differences between that case and this, Wolf involved a Chapter 13 plan that had been confirmed, and a creditor that had not appeared at the confirmation hearing and, thus, was not only bound by the terms of the confirmed plan but had expressly waived any objection if it (the creditor) did not appear at the hearing. Id. at 104. Under the circumstances present there, the Bankruptcy Court held that the notice and hearing afforded the creditor satisfied due process and the debtor was not required to initiate a further adversary proceeding. Here, Debtors are required to initiate an adversary proceeding or something akin thereto to avoid the lien. Whether they may now do so we leave to the Bankruptcy and District Courts, deciding only that those Courts were correct to reject the application of Wolf under the circumstances of this case.

### III.

When a claim is disallowed on timeliness grounds, the underlying lien is not extinguished.  Further, a debtor must initiate some sort of adversary proceeding aside from the plan confirmation hearing in order to avoid a lien.  We will, therefore, affirm.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

_____
Circuit Judge